UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
CARLOS VACA, MARIO LAGUA a/k/a MARIO
LAGUA TAMAQUIZA, MIRIAN CUSHQUI,
CLAUDINA MARIA TOALA, ROBERTO
GONZALEZ, JEFFERSON GUANANGA, LUIS
PALLCHIZACA, FANY CUSHQUI, WILLAN DE
LA CRUZ, CRISTINO A. ROSARIO, JOSE JAVIER
YUNGAICELA-GARAVI, ABEL ROLON, LUIS
EGAS PAZMINO, DINA CASABAMBA and
FREDDY GUNANGA,                                         Docket No. 17-cv-       (    )
                                                        ECF Case
       Plaintiffs,

       v.                                              **COMPLAINT**

PHOENIX ACV CONSTRUCTION SERVICES,
LLC, PHOENIX RMA CONSTRUCTION
SERVICES LLC, MICHAEL LEINEEK,
and RICHARD KYAN,

       Defendants.                                  *Jury Trial Demanded*
----------------------------------------------------------------X

       Plaintiffs CARLOS VACA, MARIO LAGUA a/k/a MARIO LAGUA TAMAQUIZA, MIRIAN CUSHQUI, CLAUDINA MARIA TOALA, ROBERT GONZALEZ, JEFFERSON GUANANGA, LUIS PALLCHIZACA, FANY CUSHQUI, WILLAN DE LA CRUZ, CRISTINO A. ROSARIO, JOSE JAVIER YUNGAICELA-GARAVI, ABEL ROLON, LUIS EGAS PAZMINO, DINA CASABAMBA, and FREDDY GUNANGA, (collectively, "Plaintiffs"), by their attorneys, RAPAPORT LAW FIRM, PLLC, as and for their Complaint, allege as follows:

## PRELIMINARY STATEMENT

    1.    Plaintiffs bring this action seeking unpaid wages, including unpaid overtime compensation and interest thereon, reimbursement for unlawful deductions, liquidated damages

and other penalties, injunctive and other equitable relief and reasonable attorneys' fees and costs, under, *inter alia*, the Fair Labor Standards Act ("FLSA") §§ 6 and 7, 29 U.S.C. §§ 206 and 207.

2. This action further invokes diversity jurisdiction and the supplemental jurisdiction of this Court to consider claims arising under New York Labor Law ("NYLL") (e.g., New York Wage Payment Act; NY Labor Law §§ 191, 193, 195, and 12 N.Y.C.R.R. Part 141-1.9, 2.10, Part 142, and NY Labor Law § 215).

3. Defendants operate as a unified and centrally controlled construction enterprise that interior finish carpentry and provide other services on construction projects throughout New York City.

4. Defendants had policies of encouraging, and/or requiring Plaintiffs to work in excess of forty (40) hours per week without paying them premium overtime compensation at 1 ½ times their regular hourly rates of pay, as required by the FLSA and NYLL.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over this action pursuant to the provisions of the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §§ 201 et seq., including under 29 U.S.C. §§ 207, 216, and 217.  This Court also has jurisdiction in light of the existence of a controversy arising under the laws of the United States (28 U.S.C. §1331), diversity jurisdiction under 28 U.S.C. §1332, and supplemental jurisdiction to consider claims arising under New York state law, pursuant to 28 U.S.C. §1367.

6. The Court has supplemental jurisdiction over the state laws claims pursuant to 28 U.S.C. § 1367(a) because these claims are so related to the FLSA claims that they form part of the same case of controversy.

7. Venue as to Defendants is proper in this judicial district, pursuant to 28 U.S.C.

§1391. Defendants transact business and have agents in the Southern District and are otherwise within this Court's jurisdiction for purposes of service of process. The unlawful acts alleged herein have a direct effect on the Plaintiffs and those similarly situated within the State of New York and within this judicial district. Defendants employed Plaintiffs at construction projects in this judicial district, including the construction project at 212 Fifth Avenue, New York, New York.

8. This Court has personal jurisdiction over the Defendants pursuant to New York Civil Practice Law and Rules § 301, in that, *inter alia*, Defendants reside and/or transact business within this State, employed Plaintiffs within the State of New York and otherwise engaged in conduct that allows for the exercise of jurisdiction as permitted by the Constitution of the United States and the law of the State of New York, and accordingly may be served with process pursuant to Fed. R. Civ. P. 4(h)(1).

## THE PARTIES AND SUMMARY OF FACTS

**Defendants:**

9. Phoenix ACV Construction Services, LLC ("Phoenix ACV") is a New York corporation engaged in the construction business in the City, County and State of New York.

10. Phoenix RMA Construction Services LLC ("Phoenix RMA") is a New York corporation engaged in the construction business in the City, County and State of New York.

11. At all relevant times, Phoenix RMA and Phoenix ACV had deeply intertwined operations, with both entities being under common direction and control of defendants Michael Leineek ("Leineek") and Richard Kyan ("Kyan"). Phoenix RMA and Phoenix ACV, with Leineek and Kyan, are collectively referred to herein as "Defendants." At all relevant times, Phoenix RMA and Phoenix ACV had two or more employees, was (and is) engaged in interstate

commerce, and had gross annual sales of over $500,000.

12. Phoenix ACV and Phoenix RMA both utilized Leineek's home address (48 Agress Road, Perrineville, New Jersey), as well as an office in Kings County (323 Scholes Street, Brooklyn, New York) as addresses where they conducted business and from which they directed construction projects, including projects in Manhattan.

13. Phoenix ACV and Phoenix RMA had intertwined payroll and personnel functions, with overlapping personnel and identical payroll violations that included, *inter alia,* failing to pay premium overtime pay for hours worked above forty hours per week; repeatedly issuing checks to employees that were returned for insufficient funds; and issuing pay stubs that failed to accurately set forth the number of hours worked by employees within a single work week.

14. Phoenix RMA and Phoenix ACV engaged in related activities toward a common business objective, namely the business of providing interior carpentry, construction and drywall installation, in this judicial district.

15. At various times, particularly beginning in late 2015, Phoenix RMA and Phoenix ACV shared employees, including many of the Plaintiffs and other similarly situated employees.

16. Phoenix RMA and Phoenix ACV operate from the same locations, act in the interest of each other with respect to employees, share control over the employees, and are under the common control of Leineek and Kyan.

17. Phoenix ACV and Phoenix RMA each paid the Plaintiffs their wages, and they had the status of joint employers of all of the Plaintiffs.

18. Upon information and belief, Defendant Leineek holds the title of Managing Member and/or serves as the most senior corporate officer of Phoenix RMA and Phoenix ACV.

19. At all relevant times, Defendant Leineek had, and exercised, the power to hire, fire, and control the wages and working conditions of Plaintiffs and other employees of Phoenix RMA and Phoenix ACV.

20. Upon information and belief, Defendant Kyan is a principal of Phoenix RMA, and he had, and exercised, the power to hire, fire, and control the wages and working conditions of Plaintiffs and other employees of Phoenix RMA and Phoenix ACV.

21. At all relevant times, Phoenix RMA and Phoenix ACV has each been, and continues to be, an "employer" engaged in interstate commerce and/or in the production of goods for commerce, within the meaning of 29 U.S.C. § 203 and the NYLL. At all relevant times, Phoenix RMA and Phoenix ACV have each employed employees, including Plaintiffs.

22. Defendants had a policy, practice and procedure of failing and refusing to pay construction workers, including the Plaintiffs herein, time and one half their regular hourly rates of pay for hours that employees worked above forty each week. The willfulness of Defendants' conduct is suggested by Defendants' continuation of their unlawful wage/overtime violations even after Defendants were subject to federal court proceedings by employees seeking damages for unpaid overtime.

**Plaintiffs and Summary of Facts Relating to Each Plaintiff's Overtime Claim:**

*Carlos Vaca:*

23. Plaintiff Carlos Vaca ("Vaca") is an adult, natural person who resides in the City of Newark, County of Essex and State of New Jersey.

24. Commencing in or about April 2015 until in or about May 2016, Vaca was employed by Defendants to work as an interior construction worker (drywall framer, drywall installer, and finish carpenter) at construction projects in and around New York City. At all

relevant times, Vaca typically worked 55 hours per week. However, Defendants never paid Vaca overtime pay of one and one half times his regular hourly rate for the hours he worked above forty each week.

*Mario Lagua a/k/a Mario Lagua Tamaquiza:*

25. Plaintiff Mario Lagua a/k/a Mario Lagua Tamaquiza ("Lagua") is an adult, natural person who resides in the City of New York, County of Queens, and State of New York.

26. Commencing in or about May 2016 until in or about November 2016, Lagua was employed by Defendants to work as a laborer at construction projects, including at 212 Fifth Ave. in Manhattan. Lagua typically worked six days per week. Although Lagua's regular weekly work schedule entailed substantially more than 40 hours of work per week, Defendants never paid Lagua overtime pay of one and one half times his regular hourly rate for the hours he worked above forty each week.

*Mirian Cushqui:*

27. Plaintiff Mirian Cushqui ("M. Cushqui") is an adult, natural person who resides in the City of New York, County of Queens, and State of New York.

28. Commencing in or about October 2015 until in or about December 2016, M. Cushqui was employed by Defendants as a laborer at various construction projects, including at 212 Fifth Ave. in Manhattan

29. M. Cushqui regularly worked far in excess of forty (40) hours a week, but she was not paid premium overtime compensation. For example purposes only, during the two-week pay period ending May 4, 2016, M. Cushqui worked 112 hours. However, her paystub from Phoenix RMA for the foregoing period shows that Defendants only paid M. Cushqui at her regular hourly rate of pay ($16.00 per hour). M. Cushqui never received overtime pay of one and one half

times her regular hourly rate for the hours that she worked above forty per week during this two week period.

30. Other paychecks that Defendants issued to M. Cushqui reflect a similar failure to pay any premium overtime compensation for the extensive number of overtime hours that M. Cushqui worked during other pay periods.

*Claudina Maria Toala:*

31. Plaintiff Claudina Maria Toala ("Toala") is an adult, natural person who resides in the City, County and State of New York.

32. Commencing in or about May 2016 through August 2016, Toala was employed by Defendants as a laborer at construction projects, including at 212 Fifth Ave.

33. Toala's work involved, inter alia, installing "firestop" and hauling debris, by hand, from buildings where Defendants served as subcontractor for major construction projects.

34. Although Toala's work schedule involved more than 50 hours of work per week, she only received compensation at her regular hourly rate ($15.00 per hour), and Defendants did not pay overtime pay of one and one half times her regular hourly rate for the hours that she worked above forty each week.

*Roberto Gonzalez:*

35. Plaintiff Roberto Gonzalez ("Gonzalez") is an adult, natural person who resides in the City of New York, County of Kings and State of New York.

36. Beginning in or about October 2015 through in or about summer 2017, Gonzalez was employed by Defendants as a finish carpenter and framer.

37. Although Gonzalez worked six days (and sometimes seven days) per week, Defendants only paid Gonzalez his regular hourly rate, and they failed to pay him any premium

overtime compensation (i.e., 1 ½ times his regular hourly rate of pay) for his extensive overtime work.

38.     Solely by way of example, Gonzalez' paystub for the two-week pay period ending on June 29, 2016 indicates that Gonzalez worked 101 hours during this period. However, Defendants did not pay Gonzalez overtime pay of one and one half times his regularly hourly rate for the hours that he worked above forty per week.

*Jefferson Guananga:*

39.     Plaintiff Jefferson Guananga ("Guananga") is an adult, natural person who resides in the City of New York, County of Kings, and State of New York.

40.     Commencing in or about July 2016 through on or about September 20, 2016, Guananga worked for Defendants as an installer of drywall and sheetrock. Guananga's workweeks entailed six days of work, and his total weekly hours regularly exceeded fifty per week. Defendants never paid Guananga one and one half times his regular hourly rate for the hours he worked above forty each week.

*Luis Pallchizaca:*

41.     Luis Pallchizaca ("Pallchizaca") is an adult, natural person who resides in the City of Newark, County of Essex and State of New Jersey.

42.     From approximately May through November 2016, Pallchizaca worked as a finish carpenter, framer and sheetrock installer for Defendants. He worked between 56 to 60 hours per week. But Defendants never paid Pallchizaca one and one half times his regular hourly rate for the hours that he worked above forty each week. Instead, Defendants unlawfully paid Pallchizaca at his regular hourly rate of pay ($25.00 per hour), even for hours of work in excess of forty per week.

*Fany Cushqui:*

43. Fany Cushqui ("F. Cushqui") is an adult, natural person who resides in the City of New York, County of Queens, and State of New York.

44. Commencing in or about October 2015 through in or about December 2016, F. Cushqui worked for Defendants as a laborer at construction sites.

45. F. Cushqui's job duties included, inter alia, installing "firestop", removing debris from construction sites, and installing insulation.

46. F. Cushqui worked six (and sometimes seven) days per week. During each workweek, she regularly worked in excess of 58 hours. However, Defendants never paid any premium overtime compensation to F. Cushqui. Instead, Defendants unlawfully paid F. Cushqui at her regular hourly rate of pay for all hours that she worked, including hours in excess of forty per week.

47. Solely by way of example, the paystub that Phoenix RMA issued to F. Cushqui for the two-week pay period that ended on May 4, 2016 shows that F. Cushqui worked 104 hours without being paid 1 ½ times her regular hourly rate of pay for the (at least) 24 hours of overtime that she worked during this period.

*Willan De La Cruz:*

48. Willan De La Cruz ("De La Cruz") is an adult, natural person who resides in the City, County and State of New York.

49. From approximately May through September 2016, De La Cruz was employed by Defendants as a sheetrock installer and framer.

50. De La Cruz worked 58 hours per week, but he was never paid one and one-half times his regular hourly rate of pay for the extensive hours that he worked in excess of forty per

week.

*Cristino Rosario:*

51. Plaintiff Cristino Rosario ("Rosario") is an adult, natural person who resides in the City of New York, County of Bronx, and State of New York.

52. Commencing in or about May 2016 through November 2017, Rosario worked for Defendants as an installer of drywall and sheetrock in locations throughout the New York City Metropolitan Area.

53. Rosario worked ten hours per day Monday through Friday, plus an additional eight hours each Saturday. On occasion, Rosario also worked on Sundays.

54. However, Defendants never paid premium (time and one-half) overtime compensation to Rosario. Instead, Defendants unlawfully paid Rosario his regular hourly rate for all hours of work – even hours he worked above forty each week.

*Jose Javier Yungaicela-Garavi*

55. Plaintiff Jose Javier Yungaicela-Garavi ("Yungaicela-Garavi") is an adult, natural person who resides in the City of Newark, County of Essex and State of New Jersey.

56. From March through June 2016, Yungaicela-Garavi worked as a finish carpenter for Defendants.

57. Yungaicela-Garavi worked between 45 and 50 hours per week. But he received his regular rate of pay for all hours that he worked. Defendants never paid premium (time and one-half) overtime compensation for his hours of work above forty per week.

*Abel Rolon:*

58. Plaintiff Abel Rolon ("Rolon") is an adult, natural person who resides in the City of New York, County of Queens and State of New York.

59. From approximately June 2015 through August 24, 2016, Rolon worked as a finish carpenter for Defendants.

60. Rolon typically worked fifty-eight hours per week (Mon. through Fri: 7:00 a.m. – 5:00 p.m.; Sat.: 7:00 a.m. – 3:00 p.m.).

61. Instead of complying with federal and state overtime laws, failed to pay Rolon overtime pay of one and one half times his regular rate for the hours he worked above forty each week.

62. Solely by way of example, Phoenix RMA's paystub to Rolon for the two-week work period ending on July 27, 2016 shows that Defendants paid Rolon his regular hourly rate for all hours of work (98 hours) reflected on the paystub, even though Rolon worked at least 18 hours of overtime during this period.

*Luis Egas Pazmino:*

63. Plaintiff Luis Egas Pazmino ("Pazmino") is an adult, natural person who resides in the City of Newark, County of Essex and State of New Jersey.

64. Pazmino worked as a finish carpenter and framer for Defendants during the following periods: (a) August 1, 2015 through January 15, 2016; and (b) April 5, 2016 through July 28, 2016.

65. Pazmino worked between ten and twelve hours per day on weekdays. On Saturdays, Pazmino worked 8 hours. Occasionally, Pazmino also worked an additional six hours on Sundays. However, regardless of the amount of overtime hours that Pazmino worked per week, he never received overtime pay of one and one half times his regular hourly rate for the hours he worked above forty each week.

66. For example purposes only, Phoenix RMA's paystub to Pazmino shows that

during the two-week work period ending on May 18, 2016, Pazmino worked 104 hours. However, Pazmino never received overtime pay of one and one half times his regular rate of pay for the hours that he worked above forty during either of these weeks. Instead, Defendants unlawfully paid Pazmino at his regular hourly rate of pay ($30.00 per hour) for all 104 hours of work that Pazmino performed. Pazmino was subjected to this unlawful practice throughout his entire period of employment with Defendants.

*Dina Casabamba:*

67. Plaintiff Dina Casabamba ("Casabamba") is an adult, natural person who resides in the City of New York, County of Kings, and State of New York.

68. From February through September 2016, Casabamba worked for Defendants as an insulation and firestop installer in Manhattan.

69. Casabamba's regular workweek involved six days of work per week. However, for a period of approximately three months, Casabamba worked seven days per week. Casabamba worked ten hours per day on weekdays. On Saturdays and Sundays, Casabamba worked eight hours per day.

70. Casabamba's rigorous work schedule is reflected by her paystub for the two-week work period ending April 20, 2016. During this two-week period, Casabamba worked 118 hours. However, Defendants did not pay premium overtime compensation to Casabamba. Instead, as reflected by the paystub that Phoenix RMA issued to Casabamba, defendants only paid Casabamba at her regular hourly rate of pay ($15.00 per hour) for all 118 hours that Casabamba worked.

71. In light of the exhausting and onerous physical labor that Casabamba's work entailed, Defendants' violation of overtime laws was particularly reprehensible.

12

*Freddy Guananga:*

72. Plaintiff Freddy Guananga ("Guananga") is an adult, natural person who resides in the City of New York, County of Kings and State of New York.

73. From April through August 2016, Guananga worked as a finish carpenter for Defendants.

74. Guananga worked more than 50 hours per week without receiving one and one half times his regular hourly rate for hours worked above forty per week.

75. For example purposes only, the paystub that Defendants issued to Guananga for the two-week period ending on April 20, 2016, indicates that Guananga worked 110 hours during this period. However, Defendants failed to pay Guananga overtime pay at one and one half times his regularly hour rate for the (at least) 30 hours of overtime that Guananga worked during this period.

## AS AND FOR A FIRST CAUSE OF ACTION
**FLSA Overtime Wage Violations, 29 U.S.C. §§ 201** *et seq.*

76. Plaintiffs repeat, re-allege and incorporate by reference the prior allegations of this Complaint as if fully alleged herein.

77. At all times relevant to this cause of action, Defendants employed Plaintiffs within the meaning of the FLSA.

78. Defendants willfully violated the FLSA by failing to pay Plaintiffs overtime at one and one half times their regular hourly rates for hours worked in excess of forty per week, as required under the FLSA § 7(a)(1), 29 U.S.C. § 207(a)(1).

79. Plaintiffs are entitled to recover from Defendants, jointly and severally, their unpaid overtime wages, an equal amount in liquidated damages, costs, and reasonable attorneys' fees pursuant to the FLSA § 16(b), 29 U.S.C. § 216(b).

## AS AND FOR A SECOND CAUSE OF ACTION
**NYLL – Overtime Wages and Failure to Make Timely Wage Payments**

80. Plaintiffs repeat, re-allege and incorporate by reference the prior allegations of this Complaint as if fully alleged herein.

81. Defendants have engaged in a widespread pattern, policy and practice of violating the NYLL, as detailed in this Complaint.

82. During time periods within the six-year period preceding the commencement of this case, Plaintiffs have been employees of Defendants, and Defendants have been employers of Plaintiffs within the meaning of the NYLL §§ 650 *et seq.*

83. During time periods within the six-year period preceding the commencement of this case, Plaintiffs were covered by the NYLL.

84. The overtime wage provisions of Article 19 of the NYLL and its supporting regulations apply to Defendants, and protect Plaintiff.

85. Defendants have failed to pay Plaintiffs premium overtime at a rate of time and one-half their regular hourly rates for all hours worked in excess of 40 hours per workweek

86. Furthermore, Defendants have failed to keep, make, preserve, maintain, and furnish accurate records of time worked by Plaintiffs and failed to make weekly wage payments required by NYLL 191(a)(i) and 191(2).

87. As a result of Defendants' violations of the NYLL, Plaintiffs are entitled to recover their unpaid wages, reasonable attorneys' fees and costs of the action, liquidated damages and pre-judgment interest.

## AS AND FOR A THIRD CAUSE OF ACTION
**NYLL Wage Theft Prevention Act – Failure to Provide Wage Notices**

88. Plaintiffs repeat, re-allege and incorporate by reference the prior allegations of this

Complaint as if fully alleged herein.

89. The NYLL and Wage Theft Prevention Act, as well as the NYLL's interpretative regulations, such as but not limited to 12 N.Y.C.R.R. Part 141, require employers to provide all employees with a written notice of wage rates at the time of hire and whenever there is a change to an employee's rate of pay.

90. From its enactment on April 9, 2011, the Wage Theft Prevention Act also required employers to provide an annual written notice of wages to be distributed on or before February 1 of each year of employment (later amended to be distributed "upon hiring" and not annually) and to provide to employees, a written notice setting forth the employee's rates of pay and basis thereof; the name of the employer; physical address of the employer's business; names used by the employer; and other mandated disclosures.

91. In violation of NYLL § 191, Defendants failed to furnish Plaintiffs, at the time of hiring (and annually for those years prior to the amendment) or whenever there was a change to their rate of pay, with wage notices containing the rate or rates of pay and basis thereof; whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer in accordance with NYLL § 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; and anything otherwise required by law; in violation of the NYLL § 195(1).

92. Due to Defendants' violation of NYLL § 195(1), Plaintiffs are entitled to recover from Defendants liquidated damages: (a) for the time period commencing six years before the

15

filing of this Complaint, through February 27, 2015, the sum $50 per work week, up to $2,500; and (b) from February 27, 2015 through the resolution of this case, $50.00 per work day, up to $5,000.00, together with reasonable attorneys' fees, and costs of this action, pursuant to the NYLL § 198(1-b).

## PRAYER FOR RELIEF

**WHEREFORE,** the Plaintiffs, respectfully request that the Court enter a judgment:

(a) Declaring that Defendants have violated the overtime provisions of the FLSA and NYLL;

(b) Declaring that Defendants' violations of the FLSA and NYLL were willful;

(c) Awarding Plaintiffs damages for unpaid overtime wages;

(d) Awarding Plaintiffs liquidated damages in an amount equal to twice the total amount of the wages found to be due, pursuant to the FLSA and NYLL;

(e) Awarding Plaintiffs liquidated damages as a result of Defendants' failure to furnish a notice at the time of hiring pursuant to the NYLL;

(f) Awarding liquidated damages as a result of the Defendants' failure to furnish statements with each payment of wages pursuant to the NYLL;

(g) Awarding Plaintiffs pre-judgment and post-judgment interest under the NYLL and FLSA;

(h) For reasonable attorneys' fees and expenses of this action, pursuant to 29 U.S.C. § 216(b), New York Labor Law and as otherwise provided by law; and

(i) Such other relief as this Court deems just and proper.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand a trial by jury on all questions of fact raised by the Complaint.

Dated: New York, New York　　　　　　　**RAPAPORT LAW FIRM, PLLC**
　　　　January 10, 2018　　　　　　　　　*By:* /s/ Marc A Rapaport
　　　　　　　　　　　　　　　　　　　　Marc A. Rapaport, Esq.
　　　　　　　　　　　　　　　　　　　　Meredith R. Miller, Esq.
　　　　　　　　　　　　　　　　　　　　*Attorneys for Plaintiffs*

　　　　　　　　　　　　　　　　　　　　Rapaport Law Firm, PLLC
　　　　　　　　　　　　　　　　　　　　One Penn Plaza, Suite 2430
　　　　　　　　　　　　　　　　　　　　New York, New York 10119
　　　　　　　　　　　　　　　　　　　　Ph: (212) 382-1600
　　　　　　　　　　　　　　　　　　　　mrapaport@rapaportlaw.com
　　　　　　　　　　　　　　　　　　　　meredith@millerlaw.nyc